**Federal Defenders**
OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

Barry D. Leiwant
*Interim Executive Director
and Attorney-in-Chief*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

December 12, 2023

**VIA ECF and EMAIL**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: **United States v. Raymond Robinson**
19 CR 645 (KMK)

Dear Judge Karas:

With the consent of the Government, I write to request that the Court reduce Mr. Robinson's sentence, pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, to a term 41 months.

Although the requested order reducing Mr. Robinson's sentence cannot take effect before February 1, 2024, the Guidelines explicitly authorize the Court to enter such an order any time after November 1, 2023. *See* U.S.S.G. § 1B1.10, comment. (n.7). Entering a sentence-reduction order under Amendment 821 prior to February 1, 2024, will allow the Bureau of Prisons to ensure that Mr. Robinson can participate in reentry programs and transitional services (such as placement in a halfway house), and permit the Probation Department to prepare properly for post-release monitoring after that date. I therefore ask the Court to reduce Mr. Robinson's sentence to 41 months at this time.

A. **The Amended Guidelines**

Amendment 821 to the Guidelines went into effect on November 1, 2023. The Amendment made "targeted changes" to reduce recommended guideline ranges for

1

offenders with zero criminal history points under the Guidelines. Part B of the amendment created a new Chapter Four guideline at § 4C1.1 (Adjustment for Certain Zero-Point Offenders). New § 4C1.1 provides a decrease of two levels from the offense level determined under Chapters Two and Three for offenders who did not receive any criminal history points under Chapter Four, Part A, and whose instant offense did not involve specified aggravating factors. *See* U.S.S.G. § 4C1.1(a); Supplement to Appendix C, Reason for Amendment.

With respect to the reason for the amendment, the Commission explained as follows: "In establishing new §4C1.1, the Commission was informed by its studies of recidivism among federal offenders, as well as other extensive data analyses of offenders with no criminal history points, and public comment. . . Recidivism data analyzed by the Commission shows . . . that offenders with zero criminal history points have considerably lower recidivism rates than other offenders, including offenders with one criminal history point. *See* U.S. SENT'G COMM'N, RECIDIVISM OF FEDERAL OFFENDERS RELEASED IN 2010 (2021), available at https://www.ussc.gov/research/research-reports/recidivism-federal-offenders-released2010. Among other findings, the report concluded that 'zero-point offenders' were less likely to be rearrested than 'one point' offenders (26.8% compared to 42.3%), the largest variation of any comparison of offenders within the same Criminal History Category." *See* U.S.S.G. App. C, Amendment 821, Reason for Amendment.

Explaining the rationale for making the changes to the criminal history rules retroactive, the Commission wrote, "The purpose of these targeted amendments is to balance the Commission's mission of implementing data-driven sentencing policies with its duty to craft penalties that reflect the statutory purposes of sentencing and to reflect 'advancement in knowledge of human behavior as it relates to the criminal justice process.' *See* 28 U.S.C. § 991(b). The Commission determined that the policy reasons underlying the prospective application of the amendment apply with equal force to individuals who are already sentenced." *See* U.S.S.G. App. C, Amendment 825, Reason for Amendment.

B.  **Mr. Robinson Is Eligible for a Sentence Reduction**

The Court originally sentenced Mr. Robinson to a below-guidelines sentence of 42 months. The Court concluded that the total offense level was 24 and that Mr. Robinson had zero criminal history points and was therefore in criminal history category I. Under the new Guidelines, however, Mr. Robinson's total offense level would be reduced from 24 to 22. At offense level 22 and criminal history category I, the amended range is 41 to 51 months' imprisonment.

The Probation Department has correctly concluded that Mr. Robinson is eligible for a one-month reduction of his sentence. None of the exclusions set forth in §4C1.1(a)(2)-(10) are applicable. Because the retroactively applicable Amendment 821 reduces Mr. Robinson's applicable guideline range, he is eligible for a reduction in sentence pursuant to §3582(c)(2); U.S.S.G. § 1B1.10(a)(1).

C.  **The Court Should Reduce Mr. Robinson's sentence to 41 Months**

The Probation Department's supplemental report reveals that Mr. Robinson has done extremely well in prison. He has had no disciplinary infractions, works as an orderly and participated in several educational programs.

There is nothing about Mr. Robinson's case that would suggest that he presents a risk to public safety such that a reduction should not be granted. Moreover, there is nothing about his post-sentencing conduct that would make a sentence reduction inappropriate. *See* U.S.S.G. § 1B1.10, comment. (n.1(B)). The Court should therefore resentence him to 41 months' imprisonment, the bottom of the newly applicable range.

For the above stated reasons, and without objection from the Government, the Court should resentence Mr. Robinson to 41 months' imprisonment under the authority of 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.

Granted. Mr. Robinson's sentence is reduced to 41 months' imprisonment, under 18 U.S.C. Section 3582(c)(2) and U.S.S.G. Section 1B1.10, for the reasons discussed in this letter.

So Ordered.

12/12/23

Respectfully submitted,

Jennifer L. Brown
Attorney-in-Charge
Federal Defenders of New York
(212) 417-8722

cc:  AUSA Margery Feinzig
     Raymond Robinson Reg. No. 40472-480